**EXHIBIT A**

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
04/30/2021 11:41AM
BY: JDUTTON
DEPUTY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cheri L. McCracken, State Bar No. 006111
Attorney at Law
2402 North 24th Street
Phoenix, AZ 85008-1804
Phone: 602.231.0595
FAX: 602.231.0841
cherimccracken@gmail.com

Christopher R. Houk, State Bar No. 020843
**HOUK LAW FIRM, PLLC**
1050 East Southern Avenue, Suite A-3
Tempe, AZ 85282
Telephone: 480.569.2377
Facsimile:  480.569.2379
chouk@houklawfirm.com

*Attorneys for Sandra (Corder) Matlock*

Please send all documents to:
jmontanez@houklawfirm.com

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF COCONINO**

| | |
|---|---|
| Sandra (Corder) Matlock,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>City of Flagstaff, a municipal corporation, Richard Tadder and Amanda Tadder, wife and husband,<br><br>　　　　Defendants. | Case No.  CV202000504<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Sandra (Corder) Matlock submits this First Amended Complaint for relief and Jury Trial Demand pursuant to Arizona Rules of Civil Procedure against Defendants because Defendants subjected Sandra to discrimination, retaliation, or improperly interfered with Plaintiff's employment.

**HOUK LAW FIRM, PLLC**
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax:  480.569.2379

**Plaintiff's Claims**

1. Tortious Interference with Employment;

2. Title VII, 42 U.S.C. § 2000(e)-2(1) – Termination Based on Sex;

3. Title VII, 42 U.S.C. § 2000(e)-3(a) – Retaliation for Reporting Sex Discrimination; and

4. 29 U.S.C. § 623, Age Discrimination in Employment Act.

**The Parties and Jurisdiction**

5. The Plaintiff, Sandra Matlock, has been at all times material to this Complaint:

   a. An adult resident of Coconino County, and currently resides in Florida;

   b. Employed by Defendant City of Flagstaff, a municipal corporation; and

   c. A person whose sex is female and whose age is 58 years old.

6. Defendant City of Flagstaff is, and has been at all times material to this Complaint:

   a. A municipal corporation and a body politic, established and operating pursuant to the Arizona Constitution, Art. XIII, § 1, and Title 9 of the Arizona Revised Statutes;

   b. The employer of Plaintiff, as that term is defined in 2000e(b) in 29 U.S.C. § 630;

   c. An employer of more than fifteen persons; and

   d. Located within Arizona, including Coconino County, Arizona.

7. Defendant Richard Tadder (Tadder) is, and had been at all times relevant to this Complaint,

   a. An adult resident of Coconino County, Arizona;

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

b.  Employed by the City of Flagstaff; and

c.  Upon information and belief, is married to Amanda Tadder, acting on behalf of the marital community of his spouse and himself.

8.    Many of the events alleged occurred in Coconino County, Arizona, and Coconino County is the domicile of all parties at all relevant times.

9.    Coconino County is the appropriate venue pursuant to A.R.S. § 12-401 because Defendant resides in the County.

10.    Sandra has satisfied all conditions precedent to filing suit, including service of the Notice of Claim against both Tadder and the City of Flagstaff on May 27, 2020.

. The EEOC issued a Right to Sue letter on March 30, 2021. *See* Exhibit A.

11.    Amanda Tadder is named solely because of Arizona's community property laws and is properly joined pursuant to Ariz. R. of Civ. P. 19.

## Demand for Jury Trial

12.    While a written Jury demand is not necessary, pursuant to Rule 38 of the Arizona Rules of Civil Procedure, Plaintiff Sandra demands a trial by jury.

## Fact Allegations in Support of All Counts

**For Four years, the City of Flagstaff Recognized Sandra's Excellent Job Performance.**

13.    Sandra re-alleges and incorporates each allegation of this complaint as if fully set forth in this claim.

14.    In February 2015, Sandra started at the City of Flagstaff as a Customer Service Manager.

15.    In eight months, she moved from Customer Service Manager to Sales Tax Manager, one month later to Interim Revenue Director in November 2015 and by July 2017 to Revenue Director where she remained until her termination in December 2019.

16.    In her role as Revenue Director, she oversaw the city's sizeable investment portfolio and budget, built and maintained relationships with vendors and community partners, and oversaw an award-winning team in her department, among other, important duties.

17.    During her time at the City of Flagstaff, Sandra received several performance-based awards—sometimes multiple awards per year—and often given directly by the City Manager himself. For example,

- From 2015 to 2019, Sandra was recognized with 25 different "On the Spot" awards from co-workers, colleagues, team members and other Flagstaff employees;

- In 2015, Sandra was honored with the City Manager Agassiz Award for Teamwork; 7K Award for Service at a Higher Elevation—bestowed directly by the City Manager; and

- In 2016, Sandra received her second 7K Award for Service at a Higher Elevation; Wonderful Outstanding Worker for Outstanding Performance.

18.    In 2017, Sandra received her second City Manager Agassiz Award for Leadership; and

19.    In 2018, Sandra earned her second Wonderful Outstanding Worker award for Outstanding Performance and a Blue Ribbon from Flagstaff Toastmasters, which demonstrates her presentation skills critical to her job duties.

20.    Before Sandra joined the City of Flagstaff, she enjoyed a 28-year career in the public service sector in Orange County, California. There, too, the County of Orange

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

promoted her through seven levels of supervision and four levels of management to the position of Program Manager of the Alcohol and Drug Abuse Program. During her time with Orange County, Sandra's work was recognized various time, including with the following awards:

    a.    Outstanding Leadership and Achievement Award by the County of Orange United Way;

    b.    Woman of Achievement; and

    c.    Rising Gold Star.

**City of Flagstaff Management Services Director Rick Tadder Exhibited a Pattern of Sexual Harassment Towards Women, Especially Sandra.**

21.    Starting around December 2015—a few months after beginning work with the City of Flagstaff and directly following her reporting to Management Services Director Rick Tadder—Rick regularly engaged in offensive actions toward Sandra and other women.

22.    Rick repeatedly refused to train Sandra on his expectations but regularly gave her negative feedback on her projects.

23.    Rick demeaned Sandra in front of colleagues by unreasonably and unjustifiably criticizing her work.

24.    Sandra coined the term "Tadderizing," a euphemism for Tadder tearing apart and "terrorizing" specifically her.

25.    The term "Tadderizing" was adopted by other colleagues who witnessed the treatment.

26.    Tadder himself began using the term in yet another effort to demean Sandra.

27.    Tadder repeatedly rolled his eyes, shrugged his shoulders, laughed, and shook his head in disdain toward Sandra and other women during meetings.

28.    In December 2018, Tadder's temper escalated during a meeting. Those in attendance included: Sandra, a new Customer Service Supervisor Danielle Tiedeman, a potential cash-handling vendor, and former customer Service Manager, Michele Bader, as well as other team members were present.   In front of others, Tadder yelled at Sandra, questioning her abilities. Tiedeman became visibly shaken. Sandra was afraid that she would lose her job if she defended herself.

29.    Shortly after this meeting in 2018, Customer Service Manager, Michele Bader resigned, citing "Rick Tadder" as her only reason for leaving city employment. She told Sandra directly not to trust Tadder before she left.

30.    In early 2019, Finance Director, Brandi Suda, came to Sandra in tears, seeking emotional support after Tadder had demeaned her.

31.    By September 2019, Tadder's harassing emails and in-person bullying against Sandra had become routine, at least once a week.

32.    In late September 2019, Sandra attended a meeting where a draft project on Sales Tax Information to Council was presented by Economic Vitality Director, Heidi Hansen, and Community Investment Director, David McIntire.

33.    When Sandra made a suggestion on changing the formatting of a chart, Tadder shrugged his shoulders and rolled his eyes, blowing her off.

34.    Tadder then presented the same exact idea that he had just ignored from Sandra as his own. Sandra then confronted him and told him that she had just said the same thing, but Tadder told her that she did not.

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax:  480.569.2379

35.     Hansen chimed in, stating, "In all fairness to Sandy, she did say just that," confirming that Sandra was the first to present the idea.

36.     It was not until McIntire also supported Sandra that Tadder finally backed down from claiming the idea as his own.

37.     This happened a second time during the same meeting just minutes later, where Tadder denied Sandra had the idea first and David felt compelled to bring it to Tadder's attention once more.

38.     At least one other co-worker, Financial Systems Analyst Martin Collins noted Tadder's disparate treatment of Sandra. His behavior became so incessant that Sandra's colleagues came to expect the treatment and were normalized to his treatment of Sandra, and therefore no longer reacted.

39.     Tadder did not treat men in the same way.

**Tadder's Harassment of Sandra Reached a Boiling Point During a Work Trip with Colleagues**

40.     In October 2019, Tadder and Sandra attended a work conference in Colorado with several other City of Flagstaff employees. Tadder, Sandra, and several other employees attended a networking event sponsored by a client. After the event, the City of Flagstaff team all went to dinner together outside of the conference, on their personal time.

41.     At the networking event and at dinner, each employee had at least one drink. Tadder was aware that Sandra had some drinks, as he had.

42.     At dinner, Tadder continued his history of singling Sandra out, criticizing Sandra's work, being negative toward her, and saying demeaning comments towards her:

Houk Law Firm, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax:  480.569.2379

**HOUK LAW FIRM, PLLC**
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

a. In a sign of his control and lack of respect toward her, at one point, when Sandra said she needed to go to the restroom, Tadder told her, she didn't need to go and sit down.

b. This time, Tadder was acting in a particularly humiliating way because he berated Sandra in front of Jessica Huleatt, a Customer Service Manager, who reported to Sandra.

c. Tadder also got angry with Sandra for making a joke about who was covering the tab for dinner and made an insensitive racial comment about a black waiter, to which Sandra objected.

43.     Sandra left the table and went to the bathroom, despite Tadder telling her to sit down. When she returned, Sandra attempted to lighten the mood and told a joke about who was paying the dinner bill. Tadder responded by increasing his disparaging remarks. The combination of these events at dinner, plus the years of distress caused by Tadder, led Sandra to become upset, resulting in Sandra accidently knocking over glasses on the table. Tadder's condescending behavior followed years of his harassing behavior triggered Sandra's emotional response.

44.     There, her emotions culminated in a series of texts to Tadder. In her texts, she called out his insensitive behavior, telling him she will "not be demeaned" anymore, that she had witnesses to his poor treatment of women, and that he bullied another woman (Brandi Suda) to the point of tears.

**Tadder Terminated Sandra's Employment in Retaliation Minutes After Her Opposition to His Treatment of Women**

45.    Sandra texted Tadder that she "no longer report[s] to you [meaning Tadder] as I have submitted my resignation" by which she meant, she wanted to work for someone else at the City. She also texted, "I'll be contacting HR in the morning".

46.    The next morning, Sandra left a voice mail for Shauna Fischer, HR Manager, reporting Tadder's harassment and stating her intent was not to resign. Tadder immediately forced Sandra to resign.  He contacted Allison Eckert, the Interim HR Director, who issued a resignation letter. Tadder did this without confirming Sandra's intent in the text message, knowing she was at a dinner and had been drinking—as he had—and knowing she was objecting to his harassing behavior.

**The City of Flagstaff Ultimately Terminated Sandra's Employment.**

47.    At first, the City Manager, Greg Clifton, promptly reinstated Sandra's employment, placing her, rather than Tadder, on administrative leave until the City had time to assess the situation.

48.    Instead of investigating Tadder's behavior, in mid-October 2019, Interim Human Resources Director, Allison Eckert, initiated an investigation into Sandra's conduct in Colorado, insinuating possible blame.

49.    Sandra fully cooperated in the investigation.

50.    Sandra also provided a detailed account of the incident and the harassment she suffered.

51.    While Sandra made allegations of discrimination about Tadder's discrimination prior to what occurred in Colorado, the City refused to investigate those allegations, claiming to reserve them for later, stating "Other claims of harassment by Ms. Corder [Matlock] that fall outside of this event and timeframe will be investigated separately."

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

52.    To date, the City has not involved Sandra in any investigation, nor disclosed the results of the allegations that Tadder engaged in longstanding discrimination against her and other women. Nor upon information and belief has it investigated.

53.    In mid-November 2019, the City stated they completed the investigation into the event in Colorado:

   a.    While concluding that all of Sandra's harassment claims against Tadder during the Colorado trip were not substantiated—without explanation—the City turned the tables and found that Sandra—not Tadder—was at fault.

   b.    The City found Sandra was abusive and insubordinate to Tadder, again, without explanation.

   c.    The City recommended that the City Manager immediately terminate her employment, without any progressive discipline.

   d.    In November 2019, Sandra met with the City Manager Greg Clifton and offered alternatives to termination, in line with City policy, but the City refused to accept them and Clifton forced Sandra to resign or be terminated, effective December 2, 2019.

54.    At age 57 at the time of her termination, Sandra was one of the oldest City employees.

55.    During her employment, ageist comments were made to Sandra.

56.    The City transferred Sandra's job duties to an employee who is around 30 years of age.

**Count I**
**Tortious Interference with Employment**

Houk Law Firm, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377  -  Fax:  480.569.2379

**(Against Rick Tadder)**

57.    Sandra re-alleges and incorporates each allegation of this complaint as if fully set forth in this claim.

58.    Tadder tortiously interfered with Sandra's employment with the City of Flagstaff when he contacted HR, resulting in HR accepting Sandra's resignation that she did not intend, thus improperly causing her termination.

59. Tadder terminated Sandra's employment knowing Sandra was objecting to his harassing behavior.

60. Tadder's interference was improper. There was a business expectancy between Sandra and the City of Flagstaff. Tadder knew about Sandra's and the City of Flagstaff's shared business expectancy. He intentionally interfered with her employment, causing her termination.

61. Tadder's interference caused damage to Sandra.

62. As a direct and proximate result of the conduct by the City of Flagstaff, Sandra suffered compensatory damages including for pain, suffering (including pain and suffering due to developing PTSD), inconvenience, diminished enjoyment of life, humiliation, outrage, discomfort, anxiety, sorrow, fear, depression, loss of sleep, nightmares, loss of the love, care, affection, companionship, and close relationships, change in demeanor, and harmed reputation at work. Sandra is reasonably likely to incur more compensatory damages in the future.

63.    Sandra seeks a judgment for the following:

        a.    Compensatory and general damages in an amount to be determined by
              the trier-of-fact;

b.    Monetary damages, including lost wages, salary, employment benefits, lost value of pension, and other compensation, in an amount to be proven at trial;

c.    Interest at highest legal rate;

d.    Reinstatement, or front pay in lieu of reinstatement;

e.    Injunctive relief to prevent future similar violations and to remedy harm done to Sandra;

f.    Punitive damages because Tadder's interference was the result of malice, spite, ill-will, or reckless indifference to her rights; and

g.    Costs.

**Count II:**
**Termination Based Upon Sex**
**Title VII, 42 U.S.C. § 2000e-2(a)(1)**

64.    Sandra re-alleges and incorporates each allegation of this complaint as if fully set forth in this claim.

65.    City of Flagstaff terminated Sandra's employment in violation of 42 U.S.C. § 2000e-2(1) based on sex and discrimination.

66.    As a direct and proximate result of the conduct by City of Flagstaff, Sandra is entitled to compensatory damages including for pain, suffering (including pain and suffering due to developing PTSD), inconvenience, diminished enjoyment of life, humiliation, outrage, discomfort, anxiety, sorrow, fear, depression, loss of sleep, nightmares, loss of the love, care, affection, companionship, and other close relationships, change in demeanor, and harmed reputation at work. Sandra is reasonably likely to incur more compensatory damages in the future.

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

67.    Injunctive relief should be granted for Sandra against Defendant to prevent further acts of discrimination, particularly since the Defendant appears to be oblivious to their duties and liabilities under 42 U.S.C. § 2000(e)-2(1).

68.    The unlawful employment practices complained of were intentional.

69.    Sandra seeks a judgment for the following:

a.    Compensatory and general damages in an amount to be determined by the trier-of-fact;

b.    Monetary damages, including lost wages, salary, employment benefits, lost value of pension, and other compensation, in an amount to be proven at trial;

c.    Reinstatement, or front pay in lieu of reinstatement;

d.    Injunctive relief to prevent future similar violations of federal statutes and to remedy harm done to Sandra;

e.    Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. § 1988 (b), (c), Federal Rule of Civil Procedure 54(d)(2), and Local Rule of Civil Procedure 54.2; and

f.    Her taxable costs incurred herein, pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule of Civil Procedure 54.1, and 28 U.S.C. § 1920.

**Count III**
**Retaliation For Reporting Sex-Based Discrimination**
**Title VII, 42 USC § 2000e-3(a)**

70.    Sandra re-alleges and incorporates each allegation of this complaint as if fully set forth in this claim.

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

71.    The City of Flagstaff retaliated against Sandra in violation of U.S.C. § 2000e-3(a) including by terminating her employment because she complained about discrimination on the basis of sex and sexual harassment.

72.    As a direct and proximate result of the conduct of the City of Flagstaff, Sandra is entitled to compensatory damages including for lost earnings and benefits, decrease in earnings power or capacity, pain, suffering, inconvenience, diminished enjoyment of life, humiliation, outrage, discomfort, and harmed reputation at work and her industry. Sandra is also reasonably likely to incur more compensatory damages in the future.

73.    The unlawful employment practices complained of were intentional.

74.    Sandra seeks a judgment for the following:

    a.    Injunctive relief, including enjoining harassment and implementing policy changes, training, and changing her status to eligible for rehire;

    b.    Back pay, reinstatement in lieu of front pay, or front pay with interest;

    c.    Compensatory and general damages in an amount to be determined by the trier-of-fact;

    d.    Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. § 1988 (b), (c), Federal Rule of Civil Procedure 54(d)(2), and Local Rule of Civil Procedure 54.2; and

    e.    Her taxable costs incurred herein, pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule of Civil Procedure 54.1, and 28 U.S.C. § 1920.

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

**Count IV**
**Unlawful Termination**
**Age Discrimination in Employment Act, 29 U.S.C. § 623**
**(City of Flagstaff)**

76.    The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1), prohibits employers from terminating their employees because of age.

77.    Defendant violated the ADEA when it terminated Sandy's employment because of her age.

78.    As a direct and proximate result of the conduct of Defendant, Plaintiff lost wages, in an amount to be proven at trial.

79.    Defendant's unlawful employment practices were willful within the meaning of the ADEA, 29 U.S.C. § 626(b).

75.    Sandra seeks a judgment for the following:

f.    Injunctive relief, including enjoining discrimination and implementing policy changes, training, and changing her status to eligible for rehire;

g.    Back pay, reinstatement in lieu of front pay, or front pay with interest;

h.    Liquidated damages;

i.    Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. § 1988 (b), (c), Federal Rule of Civil Procedure 54(d)(2), and Local Rule of Civil Procedure 54.2; and

j.    Her taxable costs incurred herein, pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule of Civil Procedure 54.1, and 28 U.S.C. § 1920.

WHEREFORE, Sandra prays for the following relief:

1.      For a declaration that City of Flagstaff violated Sandra's rights under Title VII;

2.      For a declaration that Tadder improperly interfered with Sandra's rights;

3.      All relief available under the statutes and common laws asserted in this case;

4.      For injunctive relief, including a permanent injunction prohibiting City of Flagstaff from engaging in discrimination under Title VII;

5.      For equitable relief such as employment, promotion, reinstatement or, in lieu of reinstatement, front pay;

6.      For compensation for past and future non-pecuniary losses resulting from the unlawful practices under Title VII and the interference claim;

7.      For punitive damages resulting from the improper interference claim;

8.      For liquidated damages under the ADEA;

9.      For interest on the above amounts at the highest legal rate from the date of Judgment until paid in full;

10.     For reasonable attorneys' fees;

11.     Taxable costs; and

12.     All other relief the court shall deem is just.

**DATED** this 30th day of April 2021.

HOUK LAW FIRM, PLLC

By:    /s/ Christopher R. Houk
       Christopher R. Houk
       *Attorneys for Sandra Matlock*

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

Exhibit A

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Sandra Marie Corder<br>4025 S Lake Mary Rd Apt 33<br>Flagstaff, AZ 86005 | From: | Phoenix District Office<br>3300 North Central Ave<br>Suite 690<br>Phoenix, AZ 85012 |
|---|---|---|---|

|  | ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 35A-2020-00277 | **Robin Campbell,**<br>**State, Local & Tribal Program Manager** | **(602) 661-0041** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*(signature)*

**Elizabeth Cadle,**
**District Director**

March 30, 2021

*(Date Issued)*

Enclosures(s)

cc:
**Human Resources**
**City of Flagstaff**
**211 W Aspen Ave**
**Flagstaff, AZ 86001**

**Cheri L. McCracken, Esq.**
**Law Office**
**705 E Coronado Rd**
**Phoenix, AZ 85006**

rec'd
4/1/2021

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope and record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*